IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:26-CR-209 (BKS) |
| | ) | |
| **v.** | ) | **Indictment** |
| | ) | |
| **ZVONKO KLAPAN,** | ) | Violations:   18 U.S.C. § 1343 |
| | ) | [Wire Fraud] |
| **Defendant.** | ) | |
| | ) | 18 U.S.C. § 1028A(a)(1) |
| | ) | [Aggravated Identity Theft] |
| | ) | |
| | ) | 18 U.S.C. § 641 |
| | ) | [Theft of Government |
| | ) | Property] |
| | ) | |
| | ) | Five Counts and Two Forfeiture Allegations |
| | ) | |
| | ) | County of Offenses:   Onondaga |

## THE GRAND JURY CHARGES:

### Background

At times relevant to this indictment:

1.     The defendant, **ZVONKO KLAPAN**, resided in Onondaga County, New York.

2.     **KLAPAN** maintained a bank account ending in #1573 at Solvay Bank (the "Klapan Solvay Account")

3.     The location of Solvay Bank's online servers was in Onondaga County, Solvay, New York.

4.     **KLAPAN's** mother-in-law, V.P., was a Social Security survivor's benefits beneficiary who died on July 25, 2016.

5.     **KLAPAN** and his wife moved into V.P.'s house in Liverpool, New York (the "Liverpool Residence") shortly after V.P. passed away.

**The Scheme to Defraud**

6.      From in or around August 2016 through in or around April 2026, the defendant, **ZVONKO KLAPAN**, perpetrated a scheme to defraud the Social Security Administration ("SSA") of benefits by impersonating V.P., a deceased person, and collecting Social Security survivor's benefits issued to V.P.

7.      Starting in or around August 2016, **KLAPAN** began intercepting monthly Social Security benefits checks intended for V.P. that were sent to the Liverpool Residence.

8.      **KLAPAN** forged V.P.'s signature on the back of the paper benefits checks and then signed the checks over to himself before depositing them into the Klapan Solvay Account.

9.      Because the SSA was unaware of V.P.'s death, it continued sending benefits checks to V.P. at the Liverpool Residence until the SSA stopped issuing paper checks and began using a direct deposit payment system.

10.     Between in or around August 2016 and in or around August 2025, **KLAPAN** continued to intercept, forge and deposit into the Klapan Solvay Account monthly benefit checks intended for V.P., all of which were of a value greater than $1,000.

11.     The total of these deposits was approximately $130,978.

12.     On or about July 31, 2025, the SSA sent V.P. a letter at the Liverpool Residence indicating that benefits recipients were required to enroll in direct deposit by September 30, 2025, either by establishing a My SSA account page, or by signing up online through an online link at GoDirect.gov.

13.     **KLAPAN** received this letter, and on or about August 5, 2025 used V.P.'s name and Social Security number to enroll in direct deposit through the GoDirect.gov portal, which

2

instructed the government to direct deposit V.P.'s benefits payments directly into the Klapan Solvay Account.

14.     As a result of **KLAPAN's** online direct deposit enrollment, between in or around September 2025 and in or around April 2026, **KLAPAN** received monthly Social Security direct deposit benefits payments, each of which was of greater value than $1,000, and each of which was intended for V.P., in an amount totaling $11,440.

15.     The SSA's direct deposit payments are disbursed through the United States Treasury Department's Bureau of the Fiscal Service Automated Clearinghouse system, with data processing sites in Kansas City, Missouri or Raleigh, North Carolina.

16.     In this case, Treasury payments were disbursed through Kansas City, Missouri to the Federal Reserve in East Rutherford, New Jersey before being transferred to the Receiving Depository Financial Institution – Solvay Bank in Solvay, New York.

17.     In total, **KLAPAN** received at least $142,418 in benefits as a result of his fraud scheme.

## COUNTS 1-3
### [Wire Fraud]

18.     Paragraphs 1 through 17 are hereby realleged and incorporated as if fully set forth herein.

19.     From at least in or around August 2016 through in or around April 2026, in Onondaga County in the Northern District of New York, and elsewhere, the defendant, **ZVONKO KLAPAN**, devised and intended to devise a scheme to defraud the SSA, and to obtain money from the SSA, by means of materially false and fraudulent pretenses, representations, and promises.

20.     For the purpose of executing this scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations and promises, **KLAPAN**, on

3

or about the dates listed below, transmitted and caused to be transmitted by means of wire communication in interstate commerce the following writings, signs, and signals:

| Count | Date | Wire Start | Wire End | Description |
|---|---|---|---|---|
| 1 | Aug. 5, 2025 | Liverpool, NY | Dallas, TX | Direct deposit request by **KLAPAN** to SSA |
| 2 | Sep. 3, 2025 | Kansas City, MO | Solvay, NY | Direct deposit of benefits by SSA into the Klapan Solvay Account |
| 3 | Apr. 3, 2026 | Kansas City, MO | Solvay, NY | Direct deposit of benefits by SSA into the Klapan Solvay Account |

All in violation of 18 U.S.C. § 1343.

## COUNT 4
### [Aggravated Identity Theft]

21.     Paragraphs 1 through 20 are hereby realleged and incorporated as if fully set forth herein.

22.     On or about August 5, 2025, in Onondaga County in the Northern District of New York, and elsewhere, the defendant, **ZVONKO KLAPAN**, during and in relation to a felony violation contained in Chapter 63 of Title 18 of the United States Code, that is Wire Fraud, in violation of 18 U.S.C. § 1343, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, in applying for direct deposit of Social Security benefits through the GoDirect.gov internet portal, to direct payments to be sent to the Klapan Solvay Account, **KLAPAN** used the name of V.P.

All in violation of 18 U.S.C. § 1028A(a)(1).

## COUNT 5
### [Theft of Government Property]

23.     Paragraphs 1 through 19 are hereby realleged and incorporated as if fully set forth herein.

4

24.    From on or about August 16, 2016 through on or about July 31, 2025, in Onondaga County in the Northern District of New York, the defendant, **ZVONKO KLAPAN**, willfully and knowingly received, concealed, and retained property of the United States, that is, Social Security benefits checks to which **KLAPAN** was not entitled, each of a value exceeding $1,000, with intent to convert the benefits checks to his own use.

All in violation of 18 U.S.C. § 641.

### FIRST FOREFEITURE ALLEGATION

The allegations contained in Counts 1 through 4 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture under 18 U.S.C. § 982(a)(2).

Upon conviction of an offense in violation of 18 U.S.C. §§ 1343 and 1028, as set forth in Counts 1 through 4, the defendant, **ZVONKO KLAPAN**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, and derived from, proceeds the defendant obtained directly or indirectly as a result of the violation, including but not limited to:

a.    A money judgment in the amount of $142,418.

### SECOND FOREFEITURE ALLEGATION

The allegations contained in Count 5 of this indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) by 28 U.S.C. § 2461(c).

Upon conviction of an offense in violation of 18 U.S.C. § 641, as set forth in Count 5, the defendant, **ZVONKO KLAPAN**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) by 28 U.S.C. § 2461(c), any property, real and personal, constituting and derived from proceeds traceable to the offense, including, but not limited to:

a.    A money judgment in the amount of $142,418.

**Substitute Assets**

If any of the property described in the Forfeiture Allegation above, as a result of any act or omission of the defendant, either: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) and Federal Rule of Criminal Procedure 32.2(e).

Dated:    Click here to enter a date.

A TRUE BILL,

_____
Grand Jury Foreperson

TODD BLANCHE
Acting Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By:    _____
Arne F. Soldwedel
Special Assistant United States Attorney
Bar Roll No. 707141